IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COLLEEN BERENDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-cv-0287-MJR |
| | ) | |
| WILLIAM M. BEDELL, A. R. C., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Defendant, William M. Bedell, A. R. C. ("ARC"), moves to dismiss and/or strike portions of Plaintiff's, Colleen Berends' ("Berends"), first amended complaint (Doc. 18). Berends claims that Bedell discriminated against her on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000, *et seq.* Berends contends that she was subjected to a sexually hostile work environment by the President of the Board of Directors and that she was discharged in retaliation for exercising her rights through the equal employment opportunity process.

ARC moves the Court to dismiss or strike the following allegations from Berends' first amended complaint: 1) "repeated[ly] touching Plaintiff in a sexually oriented and offensive manner"; 2) "adversely altering the terms and conditions under which Plaintiff worked"; and 3) "making Plaintiff's toleration of . . . discriminatory and sexually harassing remarks and conduct and unlawful condition of Plaintiff's employment. . . ."

### Factual Background and Procedural History

ARC provides service and programs to children and adults who have a developmental

disability and who reside in Madison County, Illinois. Berends worked for ARC from approximately May, 2000 to October, 2005. Berends was employed as a case manager for the family support unit. The amended complaint alleges the following. The President of ARC's Board of Directors, Robert J. Walters ("Walters"), engaged in sexually harassing conduct toward Berends by repeatedly touching her in a sexually orientated, offensive and unwelcome manner. *See* Am. Compl. ¶ 15. Walters' conduct adversely altered the terms and conditions under which Berends worked and created a hostile work environment. *Id*. ARC made Berends' toleration of Walters' conduct an unlawful condition of her employment, and, when she complained to one or more supervisors about his conduct, she was discharged from her employment in retaliation. *Id*. at ¶¶ 16, 17. As a result of ARC's violations of Title VII, Berends lost wages, incurred expenses and experienced emotional pain and suffering, humiliation, loss of enjoyment of life and inconvenience.

On January 3, 2006, Berends filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC), Cause No. 280-2006-00919. Her charge stated:

> I believe that I have been discriminated against because fo my sex, female, in that I was subjected to a sexually hostile work environment by the President of the Board of Directors. I also believe that I was discharged in retaliation for having participated in the equal employment opportunity (EEO) process.
>
> Discriminating against me because of my sex and retaliation are violations of my civil rights under Title VII. . . .

Doc. 8, Exh. 1. On January 17, 2007, Berends received a right-to-sue letter from the EEOC, informing her of her right to file a civil action under Title VII for discrimination in employment within 90 days from receipt of notice. Berends then filed this action on April 17, 2007 (Doc. 1). Berends amended her complaint on July 16, 2007.

ARC now moves to dismiss, arguing that three of Berends' claims, *supra*, must be dismissed because they were not included in a timely filed EEOC charge of discrimination. This matter is fully briefed and ready for disposition. The Court begins its analysis with a recitation of the standard governing a motion to dismiss or strike.

### Standards Governing a Motion to Dismiss and/or Strike

The purpose of a motion to dismiss under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** is to "test the sufficiency of the complaint, not to decide the merits" of the case. *Triad Associates, Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). Dismissal is warranted under that Rule if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, – U.S.–, 127 S. Ct. 1955, 1965 (2007); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. *St. John's United Church of Christ v. City of Chicago*, – F.3d –, 2007 WL 2669403, * 7 (7th Cir. Sept. 13, 2007); *Pisciotta v. Old National Bancorp*, 499 F.3d 629 (7th Cir. 2007).

Motions to strike are governed by **FED. R. CIV. P. 12(f)**, which states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are strongly disfavored and are rarely granted. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Western Publ'g Co. v. MindGames, Inc.*, 944 F.Supp. 754, 755 n. 1 (E.D.Wis. 1996) ("**Motions to strike are generally disfavored and information . . . will not be stricken unless it is evident that it has no bearing upon the subject matter of the litigation.**").

## Analysis

ARC argues that Berends cannot assert claims regarding repetitive touching, adversely altering the terms and conditions of employment and making toleration of sexual harassing conduct a condition of employment because these claims were not included in her charge of discrimination filed with the EEOC. ARC argues that Berends' charge does not include claims of specific, repetitive conduct and other additional types of discrimination alleged in her amended complaint. Furthermore, ARC contends that Berends' EEOC claim of retaliatory discharge does not encompass her allegation that toleration of Walters' conduct was an unlawful condition of her employment.

In response, Berends argues that her EEOC charge puts ARC on notice of her claims that she was subjected to a"a sexually hostile work environment" and that she was retaliated against for participating in the EEO process. Berends asserts that sexual harassment is an "instance" of sex discrimination and that a hostile work environment on the basis of sex is synonymous with sexual harassment.

Generally a plaintiff may not bring claims under Title VII that were not originally brought among the charges made to the EEOC. ***Harper v. Godfrey Co.*, 45 F.3d 143, 147-48 (7th Cir. 1995)**. This rule serves two purposes: (1) to afford the EEOC an opportunity to settle the dispute and (2) to put the employer on notice of the charges against it. ***Id.* (citing *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)**.

To include a discrimination claim in a federal district court complaint that was not brought in the charges filed with the EEOC, the Seventh Circuit has held that a plaintiff must pass a two prong test: (1) the claim is like or reasonably related to the EEOC charges, and (2) the claim

in the complaint reasonably could develop from the EEOC investigation into the original charges. ***Id.* at 148 (citing *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164 (7th Cir. 1976))**.

Courts liberally interpret the scope of the initial administrative charge because, in most cases, the initial charge is drafted by a layperson whom it would be unfair to hold to strict drafting standards. ***Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111 (7th Cir. 1992)**. Additionally, Title VII is to be construed broadly in order to effectuate its remedial purposes. ***Jenkins v. Blue Cross Mutual Hosp. Ins., Inc.*, 538 F.2d 164 (7th Cir. 1976)**.

In Berends' EEOC charge, she claims that she was subjected to a sexually hostile work environment. As stated by the Supreme Court, an actionable hostile work environment exists under Title VII "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." ***Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (internal quotations and citations omitted)**; *see also Nat'l R.R. Passenger Corp. v. Morgan*, **536 U.S. 101, 115 (2002) (Hostile environment claims involve repeated conduct which extends over a period of time and "therefore cannot be said to occur on any particular day" in contrast to discrete discriminatory acts.)**. A charge that a workplace is "permeated" with discriminatory conduct would clearly encompass claims of repetitive acts of discrimination. Equally, the alleged discrimination would be sufficiently severe "to alter the conditions of the victim's employment." Moreover, reasonably and liberally interpreted, Berends' claim that her continued employment was premised on her toleration of the alleged discriminatory and sexually harassing remarks is reasonably like and could develop from the EEOC investigation into the original charge that she was discharged in retaliation for participating in the EEO process.

The Court finds that it need not look beyond the four corners of Berends' EEOC charge to determine that her allegations are sufficient to withstand ARC's motion to dismiss or strike. Therefore, the Court need not consider whether her EEOC intake questionnaire should be stricken as ARC contends. *See* Berends' Response, Doc. 21, Exhibit A.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss and/or strike portions of Plaintiff's first amended complaint (Doc. 18) is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 9th day of November, 2007**

                                           **s/Michael J. Reagan**
                                           **MICHAEL J. REAGAN**
                                           **United States District Judge**